UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MARK W. LATIMER,  CIVIL NO. 17-2063 (MJD/DTS)

    Petitioner,

v.  REPORT AND RECOMMENDATION

MICHELLE SMITH,
*Warden*,

    Respondent.

---

Mark W. Latimer, Minnesota Correctional Facility - Stillwater, Reg. No. 207687, 5239 Osgood Avenue North, Stillwater, Minnesota, 55082, *Pro Se* Petitioner

Beth Ann Beaman, Esq., Chisago County Attorney's Office, 313 North Main Street, Suite 373 , Center City, Minnesota, 55012, for Respondent

Brian J. Duginske, Esq., Yaeger & Jungbauer Barristers, 2550 University Ave West, Suite 345N , St. Paul, Minnesota, 55114, for Respondent

Edwin William Stockmeyer, III, Esq. and Matthew Frank, Esq., Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, Minnesota, 55101, for Respondent

---

## INTRODUCTION

Petitioner Mark W. Latimer ("Latimer") seeks a Writ of Habeas Corpus vacating his conviction and sentence for attempted murder in the first degree and attempted murder in the second degree. Latimer raises 13 grounds which he argues support his right to habeas relief. Most of the arguments Latimer raises are procedurally defaulted or fail to invoke the Court's jurisdiction, and his remaining claim fails on the merits. For the reasons outlined below, the Court recommends that Latimer's petition be DISMISSED WITH PREJUDICE.

## FINDINGS OF FACT[1]

While incarcerated at the Rush City, Minnesota Correctional Facility ("Rush City") in June 2012, Latimer assaulted a fellow inmate ("J.V.") with a wooden board. *Minnesota v. Latimer*, No. A15-1923, 2016 WL 5888821, at *1 (Minn. Ct. App. Oct. 11, 2016), *review denied* (Minn. Dec. 27, 2016). Security footage shows that Latimer walked across the industry area of the prison, grabbed a wooden board, approached J.V. from behind, and struck him six times in the head without warning. *Id.* After the first strike, J.V. slumped forward and Latimer dropped the board. Gov't Add. 4, Docket No. 18-3 ("Findings of Fact, Conclusions of Law, and Order"). Latimer then picked up the board and struck J.V. in the head five more times. *Id.* He then walked away. *Latimer*, 2016 WL 5888821, at *1.

J.V. was placed in a medically-induced coma and spent approximately a month in the hospital recovering from a depressed skull fracture. *Id.* Latimer later claimed J.V. had threatened him the morning of the attack, and that he preemptively struck J.V. in self-defense. *Id.* at *1-2. Latimer was charged with first degree assault, but the state later amended the complaint to add charges of attempted first degree murder and attempted second degree murder. *Id.* at *2.

At his bench trial, the presiding judge rejected Latimer's claim of self-defense and found him guilty on all three counts. *Id.* Latimer was sentenced to 240 months in prison. *Id.* Latimer appealed to the Minnesota Court of Appeals, arguing that the charges had

---

[1] The Court's findings of fact cite predominantly to the state trial and appellate court opinions at issue in Latimer's petition. When reviewing a habeas petition by a prisoner in state custody, the Court assumes the state courts' factual determinations to be correct, unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Lee v. Gammon*, 222 F.3d 441, 442 (8th Cir. 2000).

not been proven as to intent. In a *pro se* supplemental brief, Latimer also argued that his counsel had provided ineffective assistance and that his due process rights had been violated in a myriad of ways. *See* Gov't Add. 47-79 (Appellant's Pro Se Suppl. Br.), Docket No. 18-3. The Minnesota Court of Appeals rejected each of these arguments. *Latimer*, No. A15-1923, 2016 WL 5888821, at *2-6.

Latimer appealed to the Minnesota Supreme Court, raising only lack of intent. Gov't Add. 110-15 (Petition for Further Review), Docket No. 18-3. The Minnesota Supreme Court denied further review on December 27, 2016. *Id.* at 117 (Order denying further review), Docket No. 18-3. Without filing any further requests for post-conviction relief in state court,[2] Latimer filed this petition for a writ of habeas corpus in June 2017. *See* Pet., Docket No. 1.

## CONCLUSIONS OF LAW

**I.     Standard of Review**

### A.     Federal Court Review of State Prisoner Habeas Petitions

A federal court's review of habeas corpus petitions filed by state prisoners is governed by 28 U.S.C. § 2254. Federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A prisoner's habeas petition challenging a state court's determinations on the merits shall not be granted unless the state court's actions:

---

[2]     Latimer erroneously describes his direct appeal under the "Post-Conviction Proceedings" heading of his petition. *See, e.g.,* Pet. 7, 8, 10, 11, Docket No. 1. However, he clearly notes that he did not seek post-conviction relief in any other form. *See Id.* at 8, 9, 11, 12. Nothing in the record before the Court contradicts this.

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is contrary to federal law if the state court reaches an opposite conclusion to the Supreme Court on a question of law or its application of a rule contradicts or is incompatible with Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The state court decision may constitute an unreasonable application of federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts . . . ." *Id.* at 364. As to the "unreasonable determination of the facts" under § 2254(a)(2), the Court presumes the fact findings in state court are correct, a presumption that "can be rebutted only by clear and convincing evidence." *Lupien v. Clarke*, 403 F.3d 615, 618 (8th Cir. 2005).

### B. Exhaustion and Procedural Default

Generally, "[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotations omitted). "[T]he prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* However, this Court may deny a petition for a writ of

4

habeas corpus "on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2); *see also White v. Steele*, 853 F.3d 486, 490 n.5 (8th Cir. 2017) (citing § 2254(b)(2) when declining to address respondent's procedural arguments when affirming denial of the petition).

An apparently unexhausted claim may actually suffer from procedural default if state procedural rules would deny the petitioner any further hearing on the claim's merits. *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). In such cases, the petitioner has technically satisfied the exhaustion requirement, as no state remedies remain available, but "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *see also Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005). Federal courts may raise procedural default "on their own initiative in appropriate circumstances." *Morgan v. Javois*, 744 F.3d 535, 538 (8th Cir. 2013).

## II. Claims Challenging Convictions For Which Latimer Is Not "In Custody" (Grounds Five and Six)[3]

Latimer makes two related arguments that his current conviction is improper because he should no longer have been in custody at the time he attacked J.V. He first argues that the terms of the plea agreement for his prior conviction were altered after

---

[3] There is some variation between the numbering of the grounds in Latimer's petition and his memorandum in support of his petition. *Compare* Pet., Docket No.1, Docket No. 3 at 1 (addendum to petition) *with* Pet'r's Mem. of L., Docket No. 3 at 9. For consistency, any reference to the numbering is from Latimer's petition. Further, because some docket entries submitted by Latimer contain several separately paginated documents, some pincites to the ECF page numbering are included for ease of reference.

his plea was entered, extending the length of his conditional release from five years to ten years. *See* Pet., Docket No. 3 at 1 ("ground five"); Pet'r's Mem. 14, Docket No. 3 at 22. He also argues that his original state sentence had expired by the time he attacked J.V. *See* Pet., Docket No. 3 at 6 ("ground six"); Pet'r's Mem. 15-17, Docket No. 3 at 23-25.

This Court lacks jurisdiction to consider these arguments that essentially challenge Latimer's prior convictions. Federal courts may only grant habeas relief to individuals "in custody" for the conviction or sentence which they are challenging, 28 U.S.C. § 2254(a), which is a jurisdictional limitation. *Maleng v. Cook*, 490 U.S. 488, 490-9 (1989). Read in the most generous light, Latimer's arguments in grounds five and six of his petition are challenging his current conviction as a collateral consequence of the prior, allegedly unconstitutional incarceration: he would not have assaulted J.V. had he not still been in prison. However, the collateral consequences of a prior conviction "are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492-93; *see also Lackawanna County District Attorney v. Cross*, 532 U.S. 394, 401-03 (2001) (holding that a state prisoner could not collaterally attack a prior, expired conviction when it was used to enhance his current sentence). Latimer could have—and did—challenge the prior sentence, *see, e.g.*, *Latimer v. Fabian*, 2010 WL 3958689, at *2-3 (Minn. Ct. App. Oct. 12, 2010), but this Court does not have the jurisdiction to further consider that challenge.

**III.   Claims Not Reviewable As Procedurally Defaulted (Grounds Two, Three, Four, Seven, Eight, Nine, Ten, Eleven, Twelve, and Thirteen)**

Ten of Latimer's thirteen grounds for habeas relief are procedurally defaulted. Latimer has defaulted on his chance to directly exhaust his constitutional claims in state

6

court. In his petition, Latimer reiterates ten arguments he submitted to the Minnesota Court of Appeals as part of his *pro se* supplemental brief, each of which alleges—often vaguely—a due process or Eighth Amendment violation. *See generally* Pet., Docket No. 1, Docket No. 3 at 1; Gov't Add. 47-79 (Appellant's Pro Se Suppl. Br.), Docket No. 18-3. However, Latimer did not raise any of these arguments in his petition for further review to the Minnesota Supreme Court but challenged only the sufficiency of the evidence of his intent to murder. *See* Gov't Add. 111 (Petition for Further Review), Docket No. 18-3. Latimer was required to present his federal claims to the Minnesota Supreme Court, even though that court's review was discretionary. *See Baldwin v. Reese*, 541 U.S. at 29. It does not appear that his petition to the Minnesota Supreme Court included any other arguments or addenda, other than a copy of the opinion by the Minnesota Court of Appeals. *See Id.* at 115. The Supreme Court in *Baldwin* made clear that the "fair presentation" requirement of § 2254 is not satisfied if the state supreme court would have to read the lower court opinion to be made aware of the prisoner's constitutional claims. 541 U.S. at 30-32. Latimer had his opportunity to present his federal claims to the Minnesota Supreme Court but failed to do so, and his window for direct appeal has long since closed. *See* Minn. R. Crim. P. 29.04, subd. 2.

Nor would it be fruitful for Latimer to avail himself of Minnesota's post-conviction remedies on these ten claims. While Minnesota provides prisoners an opportunity to challenge the constitutionality of their conviction outside a direct appeal, "where [a] direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 24 N.W.2d 737, 741 (Minn. 1976). This rule applies to ineffective

assistance of counsel claims when the claim can be determined on the basis of the trial record. *Andersen v. State*, 830 N.W.2d 1, 10 (Minn. 2013). Here, Latimer raised each of these claims to the Minnesota Court of Appeals, indicating he knew of them at the time of his direct appeal and petition for further review to the Minnesota Supreme Court. The allegations as stated in the habeas petition do not suggest the presence of new evidence or a change in his legal argument that would allow a post-conviction court to overcome the *Knaffla* bar in the interest of justice. *See id.* at 8 (describing the circumstances when a post-conviction court may circumvent *Knaffla*). Rather, he merely restates the arguments he made in his supplemental brief to the Minnesota Court of Appeals.

Finally, Latimer offers no arguments that would allow him to overcome the procedural default in federal court. A prisoner may overcome procedural default if he can show "cause and prejudice for the default," *Netherland*, 518 U.S. at 162, such as bolstering a claim of actual innocence with new evidence. *House v. Bell*, 547 U.S. 518, 536-37 (2006). But, as previously noted, Latimer offers no such showing, relying solely on the facts that he presented to the Minnesota Court of Appeals. Thus, he cannot overcome the procedural default. *Id.* ("Because petitioner makes no attempt to demonstrate cause or prejudice for his default . . . his claim is not cognizable in a federal suit for the writ.").

## IV. Cognizable Claim: Lack of Intent (Ground One)

Latimer's sole remaining claim – that he lacked the requisite intent for attempted murder – has satisfied all procedural requirements and raises an issue that this Court

may appropriately consider on its merits. However, the merits do not warrant issuance of a writ of habeas corpus.

Latimer claims the State did not meet its burden in proving he intended to kill J.V., an element of two of the crimes for which he was convicted. Pet. 5, Docket No. 1. A claim that the evidence was insufficient "to have led a rational trier of fact to find guilt beyond a reasonable doubt" raises a federal due process concern for habeas review. *Jackson v. Virginia*, 443 U.S. 307, 320-21 (1979). However, "this inquiry does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt," but whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 318-19 (internal citations omitted).

Under Minnesota law, one who takes "a substantial step toward, and more than preparation for, the commission of the crime is guilty of an attempt to commit that crime . . . ." Minn. Stat. § 609.17, subd. 1. First degree murder requires "premeditation and . . . intent to effect the death of the person or of another . . . ." Minn. Stat. § 609.185(a)(1). Second degree murder occurs when the assailant intends "to effect the death of [a person], but without premeditation." Minn. Stat. § 609.19, subd. 1(1).

Viewing the facts in the light most favorable to the prosecution, this Court cannot conclude the state court unreasonably determined that Latimer acted with the requisite intent. Latimer retrieved a board and walked some distance through the industry area before attacking J.V. *Latimer*, No. A15-1923, 2016 WL 5888821, at *3. Latimer struck J.V. in the head six times and then left him with potentially fatal injuries, facts from

which the trial court could reasonably infer intent to kill beyond a reasonable doubt. While Latimer suggests the State failed to show that there were "no other reasonable, rational inferences that are inconsistent with guilt" as required by Minnesota law, *State v. Stein*, 776 N.W.2d 709, 716 (Minn. 2010), federal law imposes no such duty and assumes the state court has resolved conflicting inferences. *Jackson*, 443 U.S. at 326 (citing *Holland v. United States*, 348 U.S. 121, 140 (1954)). Nor did the state err in relying on circumstantial evidence to prove intent. *See Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003) (noting that the Supreme Court has "never questioned the sufficiency of circumstantial evidence in support of a criminal conviction"). Accordingly, this Court cannot disturb the state courts' conclusions about Latimer's intent.

## V.     Latimer's Motion to Amend

On February 26, 2018, Latimer filed a document labelled "Motion to/for Spoliation of Evidence," which appears to ask the Court to consider two additional grounds not listed in the original petition: (1) that the Minnesota Department of Corrections violated his due process rights by deleting parts of a security tape, thus spoliating evidence; and (2) that impermissible evidence was admitted at trial in violation of Latimer's *Miranda* rights. Pet'r's Feb. 26, 2018 Motion 2, Docket No. 24. On April 4, 2018, Latimer filed a letter addressed to the Court, reiterating his spoliation argument and citing additional caselaw. Pet'r's Apr. 4, 2018 Letter, Docket No. 27. Both filings violate the Court's prior order that no additional submissions could be made without express authorization after Latimer submitted a reply to the government's answer. *See* July 5, 2017 Order, Docket No 12.

The fairest construction of these two submissions is that they are a motion to amend Latimer's petition by adding the two previously mentioned claims. Under Federal Rule of Civil Procedure 15, Latimer may amend his petition at any time with "leave of court," which the court should "freely give[] when justice so requires.[4] Fed. R. Civ. P. 15(a). However, the court may refuse to give leave to amend when doing so would result in "undue delay, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Moore-El v. Luebbers*, 446 F.3d 890, 901-02 (8th Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The motion must be denied as futile. Latimer failed to exhaust these arguments in state court by not appealing them to the Minnesota Supreme Court or raising them in post-conviction relief. *Id.* at 902. Given that both are claims he should have known about and raised at the time of direct appeal, they are almost certainly procedurally defaulted. *See Netherland*, 518 U.S. at 162; *see also Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir. 2006) ("[A] federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court."). Even if the claims are not procedurally defaulted, they are unexhausted. If Latimer added unexhausted claims to his current petition, it would become a "mixed petition" and the Court would either have to dismiss it without prejudice or allow him to amend again to delete the unexhausted claims. *White v. Dingle*, 616 F.3d 844, 846-47 (8th Cir. 2010). The circularity of this result is facially absurd. Given that Latimer offers no cause or explanation for his failure to properly

---

[4] Fed. R. Civ. P. 15 is made applicable to habeas petitions through Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts. *Mayle v. Felix*, 545 U.S. 644, 655 (2005).

11

exhaust the claims in state court, he fails to demonstrate how allowing him to amend the petition would be anything but futile.

## RECOMMENDATION

For the reasons set forth above, IT IS RECOMMENDED THAT:

1. Latimer's Petition for a Writ of Habeas Corpus [Docket No. 1] be DENIED;

2. Latimer's Motion to Amend [Docket No. 24] be DENIED; and

3. This action be DISMISSED WITH PREJUDICE.


Dated: July 2, 2018

*s/ David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).